UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE JOSE SUAREZ BOLIVAR,
EDNA PATRICIA AGUIRRE and
MARIA VANESSA SUAREZ
BOLIVAR,

        Plaintiffs,

v.                                    Case No: 8:23-cv-1130-TPB-JSS

GLOBAL DIAGNOSTIC LABS LLC,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

      Defendant Global Diagnostic Labs LLC moves to stay this matter and compel arbitration as to Plaintiffs Marie Jose Suarez Bolivar and Maria Vanessa Suarez Bolivar (the Bolivar Plaintiffs). (Motion, Dkt. 21.)[1]  The Bolivar Plaintiffs filed a response in opposition to the Motion. (Dkt. 26.)  Defendant's Motion was referred to the undersigned for issuance of a report and recommendations pursuant to 28 U.S.C. § 636. (Dkt. 25.)  The court held a hearing on the Motion on September 26, 2023, at which the parties represented that they had reached agreement regarding certain issues raised in the Motion. (Dkt. 33.)  For the reasons that follow, the court recommends that the Motion be granted in part.

---

[1] Defendant does not move to compel arbitration as to the remaining Plaintiff, Edna Patricia Aguirre, and concedes that it will have to continue its defense of Ms. Aguirre's claim in this court. (Dkt. 21 at 3 n.1.)

## BACKGROUND

Plaintiffs bring this action against Defendant on behalf of themselves and all others similarly situated for unpaid compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  (Dkt. 1.)  According to the Complaint, Plaintiffs were employed by Defendant and did not receive their proper compensation as required by the FLSA.  (*Id.*)  Plaintiffs' Complaint asserts two counts for failure to completely and timely pay overtime compensation in violation of 29 U.S.C. § 207.  (*Id.* ¶¶ 53–68.)

On August 11, 2023, Defendant filed the Motion seeking to stay this matter and compel arbitration as to the Bolivar Plaintiffs.  (Dkt. 21.)  Defendant asserts that the Bolivar Plaintiffs executed employment agreements with Defendant through which the parties agreed to submit all disputes or controversies arising under the agreements or any claims related to the Bolivar Plaintiffs' employment to final and binding arbitration (Employment Agreements).  (Dkts. 21, 21-1, 21-2.)[2]  In their response to the Motion, the Bolivar Plaintiffs argue that the provisions of the Employment Agreements regarding attorneys' fees and costs in arbitration and the statute of limitations are unenforceable under the FLSA.  (Dkt. 26 at 5–12.)  The Bolivar Plaintiffs further argued that these provisions were not severable from the agreements and therefore the entirety of the Employment Agreements and their arbitration provisions are unenforceable.  (*Id.* at 12–15.)

---

[2] The Bolivar Plaintiffs do not dispute their execution of the Employment Agreements and that both Employment Agreements are identical in all relevant respects.  (Dkt. 26 at 2.)

The court held a hearing on the Motion on September 26, 2023. (Dkt. 33.)  At the hearing, the parties agreed that paragraph 18, concerning the statute of limitations, and part of paragraph 20, concerning the entitlement to an award of attorneys' fees and costs in arbitration, must be severed from the Employment Agreements as inconsistent with the FLSA.  Paragraph 18, which the parties agreed to sever, provides:

> **Initiation of Action**.  Employee agrees that any claim and lawsuit relating to any matter with Company, including but not limited to claims arising out of this Agreement and any demands for arbitration, must be filed no more than six (6) months after the date the action or non-action that is the subject of the claim or lawsuit, or six (6) months after the execution of this Agreement, whichever is later.  Employee waives any defense or argument pertaining to statute of limitations.  Failure to comply with this section shall serve as an unconditional waiver and release for any and all such claims.

(Dkt. 21-1 at 5; Dkt. 21-2 at 5.)  The parties further agreed pursuant to the Eleventh Circuit's opinion in *Hudson v. P.I.P. Inc.*, 793 F. App'x 935 (11th Cir. 2019), the following sentence must be severed from paragraph 20: "Notwithstanding JAMS' rules, neither party shall be entitled to recover any fees, expenses, or cost of participating in the arbitration, which includes but is not limited to the arbitrators' fees, attorneys' fees, expert fees, administrative fees, and all other costs and expenses, irrespective of which party prevails."  *See* (Dkt. 21-1 at 6; Dkt. 21-2 at 6.)

The parties dispute whether two additional sentences in paragraph 20 must also be severed from the Employment Agreements, and whether the unenforceable provisions may be severed without rendering the Employment Agreements and their arbitration provisions unenforceable in total.  Following the hearing, the court permitted the Bolivar Plaintiffs to submit additional information regarding their

inability to pay the required arbitration costs, which they did.  *See* (Dkts. 33, 40, 41-1, 41-2, 41-3.)

## APPLICABLE STANDARDS

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, generally governs the validity and enforcement of arbitration agreements.  *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005).   "The FAA's primary substantive provision provides that a written agreement to arbitrate a controversy arising out of that contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"  *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014) (citing 9 U.S.C. § 2).  Section 4 of the FAA grants district courts the authority to compel arbitration "upon being satisfied that the making of the agreement or the failure to comply therewith is not an issue."  9 U.S.C. § 4.  The FAA thus codifies a "strong federal preference for arbitration of disputes."  *Musnick v. King Motor Co.*, 325 F.3d 1255, 1258 (11th Cir. 2003); *see also Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 (11th Cir. 2016) ("Federal policy strongly favors enforcing arbitration agreements.").  In doing so, the FAA places "arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms."  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 63 (2010) (internal citations omitted).

## ANALYSIS

The parties agree as to the terms of the Employment Agreements and that this matter would be covered by the arbitration provisions within paragraph 20 to the extent they are enforceable.  *See* (Dkt. 21-1 at 5–6; Dkt. 21-2 at 5–6); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute.").  The parties dispute (1) whether two sentences in paragraph 20 providing that all arbitration costs and fees shall be paid in equal portion by the parties and in advance should be stricken and (2) whether the unenforceable provisions may be severed without rendering the Employment Agreements and their arbitration provisions unenforceable in total.  The court addresses each of the parties' disagreements below.

### 1.  Arbitration Cost and Fee Provisions

Paragraph 20 of the Employment Agreements discusses the arbitration of disputes and is comprised of two separate sections.  (Dkt. 21-1 at 5–6; Dkt. 21-2 at 5–6.)  The first section governs the scope and operation of the arbitration agreement and provides, among other things, that "[i]n the event the parties are unable to resolve any Dispute initiated by Employee informally, then such Dispute shall be submitted to final and binding arbitration."  (Dkt. 21-1 at 5; Dkt. 21-2 at 5.)  The second section of paragraph 20 reads:

> ALL ARBITRATION COST AND FEES SHALL BE PAID IN EQUAL PORTIONS BY ALL PARTIES.  ALL PAYMENTS SHALL BE PAID IN ADVANCE.

> NOTWITHSTANDING JAMS' RULES, NEITHER PARTY SHALL BE ENTITLED TO RECOVER ANY FEES, EXPENSES, OR COST OF PARTICIPATING IN THE ARBITRATION, WHICH INCLUDES BUT IS NOT LIMITED TO THE ARBITRATORS' FEES, ATTORNEYS' FEES, EXPERT FEES, ADMINISTRATIVE FEES, AND ALL OTHER COSTS AND EXPENSES, IRRESPECTIVE OF WHICH PARTY PREVAILS. SUCH PROVISION REQUIRING EACH PARTY BEAR ITS OWN COSTS AND EXPENSES IS EXPLICITLY INCLUDED TO DISCOURAGE LITIGATION AND ENCOURAGE AN AMICABLE RESOLUTION OF ANY DISPUTE.

(Dkt. 21-1 at 6; Dkt. 21-2 at 6.)  The parties agree that the sentence beginning with "Notwithstanding JAMS' rules . . ." must be severed as inconsistent with the FLSA. The sentences that remain at issue provide: "All arbitration cost and fees shall be paid in equal portions by all parties.  All payments shall be paid in advance."  *See* (*id.*)  The Bolivar Plaintiffs argue that requiring them to pay half of the upfront costs and fees for the arbitration would preclude them from vindicating their rights in arbitration. Defendant argues that the Bolivar Plaintiffs have not made the requisite showing to sever these sentences.

An agreement to arbitrate may be unenforceable "if the cost of arbitration precludes the effective vindication of statutory rights in arbitration."  *Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1028 (11th Cir. 2003) (citing *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 90 (2000)).  "The party seeking to avoid arbitration . . . has the burden of establishing that enforcement of the agreement would preclude him from effectively vindicating [his] federal statutory right in the arbitral forum." *Payne v. Savannah Coll. of Art & Design, Inc.*, 81 F.4th 1187, 1195 (11th Cir. 2023)

- 6 -

(quoting *Musnick*, 325 F.3d at 1259).  In *Payne*, the Eleventh Circuit reaffirmed its holdings that for a party to satisfy this burden, the party "must provide evidence of '(1) the amount of fees he is likely to incur and (2) his inability to pay those fees.'"  *Id.* at 1196 (quoting *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 554 (11th Cir. 2016)).  In *Payne*, the court held that Payne had not met his burden because "he might win," in which case the other party would be required to pay the costs of the arbitration and Payne had thus not shown that he was "'likely to incur' any costs whatsoever."  *Id.* at 1197.  "The mere existence of a cost-splitting clause in an arbitration agreement does not satisfy a plaintiff's burden to prove the likelihood of prohibitive costs."  *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1291 (11th Cir. 2015) (citing *Musnick*, 325 F.3d at 1259).

The Bolivar Plaintiffs rely on *Payne* to argue that requiring them to bear half of the arbitration costs up front will prohibit their ability to use the arbitral forum.  In support, the Bolivar Plaintiffs submit the declaration of their counsel, averring as to the costs of the arbitration (Dkt. 40-1), and a declaration from each of the Bolivar Plaintiffs, averring as to their financial status and inability to pay the arbitration costs up front (Dkts. 40-2, 40-3).  Specifically, the Bolivar Plaintiffs' counsel avers that JAMS arbitrators range in hourly rates from $400–$1,200 or from $1,000 to over $2,000 per day, and that the filing fee for two-party matters is $2,000.  (Dkt. 40-1.) Plaintiff Marie Jose Suarez Bolivar states that she earns approximately $2,000 per month, has $8.65 in her bank account, has $4,840 in monthly expenses and additional monthly expenses related to care of her 78-year-old father, and that her credit card debt

is increasing month-to-month.  (Dkt. 40-2.)  Plaintiff Maria Vanessa Suarez Bolivar states that she earns approximately $2,400 per month, that her husband earns between $5,000 and $7,000 per month, her bank account balance is $350, that her family has $7,980 in monthly expenses, and that in some months her family's expenses exceed their income.  (Dkt. 40-3.)

Upon consideration, the court finds this evidence sufficient for the Bolivar Plaintiffs to establish that the payment of arbitration costs up front would preclude their ability to vindicate their rights through arbitration.  The Eleventh Circuit has explained that for a party challenging an arbitration clause to meet its burden, it must "establish that these fees and expenses would be prohibitively expensive" including by introducing "evidence regarding the amount of fees and expenses that they were likely to incur in the arbitration and [] evidence showing that [they] would be unable to pay those fees and expenses."  *Am. Fam. Life Assurance Co. of Columbus v. Hubbard*, 759 F. App'x 899, 906 (11th Cir. 2019) ("In the absence of such evidence, the associates failed to carry their burden to show that the arbitration is prohibitively expensive.") (citing *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1292 (11th Cir. 2015)).  The evidence submitted by the Bolivar Plaintiffs here, while not substantial, establishes a general estimation of the costs of arbitration that the Bolivar Plaintiffs would be required to pay due to the arbitration provision and their inability to pay those costs based on their income, assets, and expenses.  *See Payne*, 81 F.4th at 1198 (noting that plaintiff had sufficiently brought "evidence of his potential costs" through declaration calculating the likely costs of arbitrating the claims and plaintiff's declaration "about

- 8 -

the effect that the costs would have on his family" but finding plaintiff had failed to establish that he was "likely" to incur those costs); *contra Suazo*, 822 F.3d at 555 ("on this almost barren record, Suazo has not carried his burden of proving that it is likely that unaffordable costs will deny him 'access to the forum.'").  The court further finds that the Bolivar Plaintiffs are "likely" to incur these costs due to the Employment Agreements' requirement that all costs be paid in advance.  The Eleventh Circuit in *Payne* specifically recognized that "an appellant's rights are less threatened when an appellant is not required to pay the arbitration costs up front." *Payne*, 81 F.4th at 1197 (citing *Escobar*, 805 F.3d at 1292) (emphasizing that appellant's challenge was "premature" because the "cost-splitting clause state[d] that [appellee] will pay 'the initial cost of arbitration'")).  That is not the case here, where the Employment Agreement, as written, would require the Bolivar Plaintiffs to pay an "equal portion[]" of the arbitration costs and fees "in advance."  (Dkt. 21-1 at 6; Dkt. 21-2 at 6.) Accordingly, the Bolivar Plaintiffs have met their burden that the provisions of paragraph 20 requiring arbitration costs and fees to be paid in equal portions by all parties in advance are unenforceable as they effectively preclude the Bolivar Plaintiffs from accessing the arbitral forum.

### 2. Severability of Unenforceable Provisions

The parties further dispute whether the unenforceability and severing of paragraph 18 and certain provisions of paragraph 20 renders the Employment Agreements and their arbitration provisions unenforceable in total.  Specifically, the Bolivar Plaintiffs argue that under Florida law, "the provision regarding arbitration

costs and attorneys' fees goes to the very essence of the agreement and constitutes the agreement's financial heart" such that the provision "cannot be severed from the agreement, and because such a provision is unlawful, the entire arbitration agreement also is unlawful and unenforceable." (Dkt. 26 at 13–14.)  The Bolivar Plaintiffs further argue that under Florida law, "[w]hen considering the totality of unenforceable provisions forced upon the employees in this arbitration agreement, the entire agreement is unenforceable." (*Id.* at 15.)  Defendant also relies on Florida law to argue that any unenforceable provisions may be severed from the Employment Agreements and the remainder of the agreements is enforceable.  (Dkt. 21 at 17–19.)

The Employment Agreements each contain a severability clause, which provides that "[i]f one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect." (Dkt. 21-1 at 7; Dkt. 21-2 at 7.)[3]  "Whether [a] severability provision is to be given effect is a question of state law, because in placing arbitration agreements on an even footing with all other contracts, the FAA makes general state contract law controlling." *Anders*, 346 F.3d at 1032 (citing *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1061 (11th Cir. 1998)); *see also Hudson*, 793 F. App'x at 938 ("Severability is decided

---

[3] The Employment Agreements also contain an enforceability provision stating that "[i]f any provision or section of this Agreement is invalid under any applicable statute or rule of law, such invalidity shall not affect any other provision or section of this Agreement" and a blue-pencil modification provision that reads: "[i]t is the explicit intent of the parties and hereby agreed that, if any covenant in this Agreement is void and unenforceable, a court or arbitrator shall modify the covenant that is void and unenforceable to ensure that such covenant or covenants are valid and enforceable to the maximum extent provided by law." (Dkt. 21-1 at 7; Dkt. 21-2 at 7.)

as a matter of state law.") (quoting *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331 (11th Cir. 2005)).

In their filings, both parties rely on Florida law to argue the severability of the disputed provisions. *See* (Dkt. 21 at 17–19 (citing *Hochbaum v. Palm Garden of Winter Haven, LLC*, 201 So. 3d 218, 221 (Fla. 2d DCA 2016)); Dkt. 26 at 13 (citing *Hochbaum*, 201 So. 3d at 222)). However, each Employment Agreement contains a governing law provision stating that the agreement "shall be governed by and construed and enforced in accordance with the laws of the State of Georgia and the United States of America." (Dkt. 21-1 at 8; Dkt. 21-2 at 8.) To the extent Florida law applies, "Florida courts are required to enforce choice of law provisions in contracts unless the law of the foreign state contravenes the strong public policy of Florida or is unjust or unreasonable." *Default Proof Credit Card Sys., Inc. v. Friedland*, 992 So. 2d 442, 444 (Fla. 3d DCA 2008) (citing *Mazzoni Farms Inc. v. E.I. DuPont De Nemours & Co.*, 761 So.2d 306 (Fla. 2000)); *see also Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 721 F. App'x 865, 873 (11th Cir. 2018) ("Under Florida law, contractual choice-of-law provisions are presumptively enforceable."). Neither party has made any showing that the governing law provision in the Employment Agreements is unenforceable, and the court therefore analyzes the severability provisions under Georgia law in accordance with the governing law provision agreed to by the parties.

As a general matter, "severability clauses are enforceable under Georgia law[.]" *Webb v. DoorDash, Inc.*, 451 F. Supp. 3d 1360, 1367 (N.D. Ga. 2020) (quoting *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1317 (11th Cir. 2005)). Indeed, under Georgia law, "[a]

- 11 -

contract may be either entire or severable" and "[t]he character of the contract in such case is determined by the intention of the parties." *Zulauf v. Amerisave Mortg. Corp.*, No. 1:11-cv-1784-WSD, 2011 WL 12677018, at *11 (N.D. Ga. Nov. 23, 2011) (quoting Ga. Code. Ann. § 13-1-8). "The parties' intent may be expressed directly, through a severability clause[.]" *Id.* (quoting *Vegesina v. Allied Informatics, Inc.*, 572 S.E.2d 51, 53 (Ga. Ct. App. 2002)). As discussed above, the Employment Agreements contain severability, enforceability, and blue pencil modification provisions, which evidence the parties' intent that the Employment Agreements are severable contracts under Georgia law. *See* (Dkt. 21-1 at 7; 21-2 at 7.)

"In a severable contract, the failure of a distinct part does not void the remainder." Ga. Code Ann. § 13-1-8(a). However, even with an express severability provision, the court must also determine "whether [it] can excise the [unenforceable provisions] and still preserve the remainder of [the agreements]." *N. Ill. Gas Co. v. USIC, LLC*, No. 21-13377, 2023 WL 2977784, at *13 (11th Cir. Apr. 18, 2023) (citing *AMB Prop., L.P. v. MTS, Inc.*, 551 S.E.2d 102, 104 (Ga. Ct. App. 2001)). Here, paragraph 20 of the Employment Agreements demonstrates a general intent for the parties to arbitrate disputes arising out of the Bolivar Plaintiffs' employment with Defendant. *See* (Dkt. 21-1 at 5–6; Dkt. 21-2 at 5–6.) The Bolivar Plaintiffs argue that the statute of limitations and fees and costs provisions "constitute the agreement's 'financial heart'" and therefore cannot be severed without invalidating the entire agreements. (Dkt. 26 at 13–14.) However, in applying Georgia law, courts have held that statute of limitations provisions and fees and costs provisions like the ones at issue

- 12 -

here are "not essential" to the agreement's purpose of arbitrating employment disputes, but "are instead incidental and do not require the invalidation of the entire agreement." *Fears v. Auto Reflections, Inc.*, No. 1:17-cv-2632-TCB, 2018 WL 4846531, at *2 (N.D. Ga. Feb. 8, 2018) (holding that unenforceable limitations period provision, attorneys' fees provision, and confidentiality provision "do not render the entire arbitration agreement unenforceable" under Georgia law, severing those provisions, and compelling arbitration); *Zulauf*, 2011 WL 12677018, at *12 ("The limitations period is most reasonably characterized an ancillary, administrative, or procedural aspect of the arbitration to which the parties agreed, but which is not essential to the core terms of the agreement.") (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84–85 (2002)); *see also ISS Int'l Serv. Sys. v. Widmer*, 589 S.E.2d 820, 825–26 (Ga. Ct. App. 2003) ("The unenforceability of the arbitration clause did not void the remainder of the agreement.").  The structure of paragraph 20 and its inclusion of the fees and costs provisions in a separate section further supports that the finding that the parties "made a central agreement to arbitrate their employment disputes" with additional procedural formalities designed to "discourage litigation and encourage an amicable resolution of any dispute." *Zulauf*, 2011 WL 12677018, at *12; *see* (Dkt. 21-1 at 6; Dkt. 21-2 at 6.)  Accordingly, the court finds that the severed provisions are ancillary to the parties' central agreement to arbitrate employment disputes such as this matter and that the unenforceable provisions discussed herein are severable from the Employment Agreements, with the remainder of the agreements remaining in

effect.[4]  *See Terminix Int'l Co., LP*, 432 F.3d at 1331 ("If the offensive terms are severable, then the court must compel arbitration according to the remaining, valid terms of the parties' agreement.  The court should deny the motion to compel arbitration only where the invalid terms of the arbitration clause render the entire clause void as a matter of state law."); *Bryant v. Joel Antunes, LLC*, No. 1:04-cv-2550-CC, 2005 WL 8157365, at *2 (N.D. Ga. July 6, 2005) ("It is well established under Georgia law and in the Eleventh Circuit that arbitration agreements in the employment context are permissible and enforceable.").

## CONCLUSION

Accordingly, it is **RECOMMENDED** that:

---

[4] The court would reach the same result if analyzing the unenforceable provisions under Florida law as argued by the parties.  Under Florida law, the "existence of a severability clause is not determinative of whether an offending provision may be severed from the agreement and [] the 'controlling issue is whether an offending clause or clauses go to 'the very essence of the agreement.'''  *Hochbaum ex rel. Hochbaum v. Palm Garden of Winter Haven, LLC*, 201 So. 3d 218, 222 (Fla. 2d DCA 2016) (quoting *Estate of Yetta Novosett v. Arc Villages II, LLC,* 189 So.3d 895, 896 (Fla. 5th DCA 2016)).  As discussed above the offending fees and costs and statute of limitations provisions do not go to the essence of the parties' agreement to arbitrate any disputes arising out of the Bolivar Plaintiffs' employment and may therefore be severed from the Employment Agreements.  *See id.* at 223 ("The provision does not require the arbitration to be conducted in accordance with certain rules, and it does not limit the compensatory or punitive damages that Hochbaum may recover in arbitration.  Therefore, the offending provision is severable from each agreement because it does not go to the essence of the agreement."); *Osprey Health Care Ctr., LLC v. Pascazi by & through Outwater*, 329 So. 3d 177, 187 (Fla. 2d DCA 2021) ("We have no trouble concluding that the void statute of limitations provision doesn't go to the essence of, and is severable from, the instant arbitration agreement."); *Lichtman v. Bar Educ., Inc.*, No. 8:21-cv-1370-VMC-AEP, 2021 WL 4478249, at *4 (M.D. Fla. Sept. 30, 2021) (applying Florida law and holding that "provision regarding attorneys' fees does not go to the essence of the agreement; it can be severed without affecting the intent of the parties to arbitrate").

1. Defendant's Motion to Stay and Compel Arbitration as to Plaintiffs Marie Jose Suarez Bolivar and Maria Vanessa Suarez Bolivar (Dkt. 21) be **GRANTED IN PART**, to the extent that Defendant may enforce the arbitration provisions of the Employment Agreements, with the exception of those provisions to be severed from the agreements as discussed herein.

2. That this matter be stayed as to Plaintiffs Marie Jose Suarez Bolivar and Maria Vanessa Suarez Bolivar pending the completion of arbitration proceedings, and that the parties be directed to notify the court within 14 days of the resolution of arbitration proceedings.

**IT IS SO REPORTED** in Tampa, Florida, on October 26, 2023.


_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE


## <u>NOTICE TO PARTIES</u>

A party has 14 days after being served with a copy of this Report and Recommendation to file written objection to the Report and Recommendation's factual findings and legal conclusions.  *See* 28 U.S.C. § 636(b)(1).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

- 15 -

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record