UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA JOSE SUAREZ BOLIVAR et al.,

    Plaintiffs,

v.                                                      Case No. 8:23-cv-01130-TPB-UAM

GLOBAL DIAGNOSTIC LABS LLC et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon the parties' Joint Motion for Settlement Approval. (Doc. 62). By the Motion, the parties request that this Court approve the parties' proposed settlement of the Fair Labor Standards Act ("FLSA") claims in this case and dismiss the case with prejudice. A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted). Here, Plaintiffs Maria Jose Suarez Bolivar, Maria Vanessa Suarez Bolivar, and Edna Patricia Aguirre initiated this action asserting claims against Defendants Global Diagnostic Labs LLC and Daniel B. Lipton for unpaid overtime under the FLSA. (Doc. 1, ¶ 27; Doc. 20, at 1–2). In their Collective Complaint, Plaintiffs allege they were each "employed by Global Diagnostic Labs LLC in the position of COVID-19 Tester and/or Manager" and "regularly worked in excess of 40 hours in a workweek . . . [but] received one hour's worth of straight time pay for each hour of overtime in excess of 40 hours in a work week" in violation of the FLSA. (Doc. 1, ¶ 4, 14).

Defendants dispute liability for Plaintiffs' claims. (Doc. 62, at 4). In an effort to resolve the litigation, however, Defendants have agreed to a settlement, and the parties subsequently submitted the proposed Settlement Agreement for review. (Doc. 62-1). Within the proposed Settlement Agreement, the parties included a

mutual limited release of FLSA claims. (Doc. 62-1, ¶¶ 6-7). The Agreement provides that Defendants will pay Plaintiffs a total gross sum of $42,000 in two separate allocations: 1) $30,000 to Plaintiffs which "represents 100% of the best estimate of the backpay allegedly owed for overtime hours which were paid at the straight time rate instead of at one and one-half times their regular rates of pay, for a two-year recovery period;" 2) $12,000 to Plaintiffs' counsel, as attorneys' fees and costs (Doc. 62, at 6-7). Specifically, Plaintiff Maria Jose Suarez Bolivar is to receive $16,938.16; Plaintiff Maria Vanessa Suarez Bolivar is to receive $7,164.20; and Plaintiff Edna Patricia Aguirre is to receive $5,897.64.

In determining whether the settlement is fair and reasonable, a court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 605-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, No. 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

Upon review of the proposed settlement agreement, the undersigned finds that the settlement agreement is a fair and reasonable resolution of the parties' dispute regarding Plaintiff's claims. *See Lynn's Food*, 679 F.2d at 1353–55.

Specifically, this Court notes that it is reasonable based upon the parties' assertion that the agreement "reflects full backpay to Plaintiffs for every hour of their allegedly recorded but underpaid overtime work." (Doc. 62, at 5). Accordingly, after consideration, it is hereby

RECOMMENDED:

1. The parties' Joint Motion for Settlement Approval (Doc. 62) be GRANTED.

2. The Settlement Agreement (Doc. 62-1) be accepted, adopted, and approved by the Court, and the parties be ordered to comply with the terms of the Settlement Agreement.

3. This action be DISMISSED WITH PREJUDICE.

4. The Clerk be directed to terminate all pending deadlines and to close the case.

IT IS SO REPORTED in Tampa, Florida, on this 3rd day of June 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Thomas P. Barber
      Counsel of Record